THE STATE v. WIGGINS, Appellant.

**Division Two, November 14, 1899.**

1. **Felonious Assault: WHAT IS.** Defendant took hold of the prosecuting witness' collar and struck him with a pocket knife and at the same time said: "I'll cut your damned throat." *Held*, that this evidence was sufficient to sustain an instruction for felonious assault. Certainly there was no error in giving such instruction if the court also instructed for common assault.

2. **Appellate Practice: CHANGING BILL OF EXCEPTIONS.** This court will dismiss without comment a charge contained in appellant's brief that the prosecuting attorney changed the bill of exceptions without authority after it had been sent to the clerk for filing, if the charge is presented to this court in such a way that it can not take cognizance of it.

*Appeal from Wayne Circuit Court.*—HON. JAMES F. GREENE, Judge.

AFFIRMED.

S. R. DURHAM for appellant.

(1)   There being no evidence in this case to support the charge of a felonious assault it was the duty of the trial court to require the jury by an instruction to acquit the defendant of the charge of felonious assault and to submit the cause of the defendant's guilt of a common assault alone to the jury. Greenl. on Evid., sec. 49; State v. Bailey, 57 Mo. 131; State v. Harrod, 102 Mo. 590.   (2)   The effort of the prosecuting attorney to make the evidence show a felonious assault by modifying the bill of exceptions after the same had been signed by the judge and sent to the clerk for filing is wholly unwarranted in law or equity and can not avail, and the bill must stand as signed by the judge.   Tipton v. Renner, 105 Mo. 1.   (3)   The indictment being wholly defective in the

charge of a felonious assault it can not support a judgment and sentence, and being jurisdictional can be raised for the first time in this court. State v. Fairlamb, 121 Mo. 155; State v. Clayton, 100 Mo. 516.

EDWARD C. CROW, Attorney-General, and SAM B. JEFFRIES, Assistant Attorney-General, for the State.

(1) No error was committed by the trial court in refus-ing to instruct the jury that the State had failed to make out a case of felonious assault. The testimony of the witnesses on the part of the prosecution was clearly in point, and if believed by the jury, was sufficient to convict of that charge. This was the only instruction asked by defendant. In refusing it, the trial court acted correctly. (2) There was evidence warranting a verdict of guilty and when such judgment is rendered and no error appearing, it is not for this court to say the judgment is excessive. The statute has provided another way for relief in that respect. Defendant did not see proper to invoke the same at the proper time, and can not now do so in this court.

BURGESS, J.—Defendant was convicted in the circuit court of Wayne county for the crime of felonious assault, committed with a pocketknife upon one Lee Sweazea, and his punishment fixed at two years' imprisonment in the State penitentiary. He appeals.

On the twenty-eighth day of September, 1897, defendant and Lee Sweazea, his neighbor, went to Mill Spring in said county on horseback and from there to Piedmont by rail, where they remained nearly the entire day. Returning late in the afternoon to Mill Spring, they mounted their horses and started home. They had been drinking to some extent that day and were somewhat under the influence of intoxicants. While on their way home they engaged in a conversation about a picnic that had recently taken place at Leeper.

Sweazea asked defendant if he attended the picnic. Defendant said he had not, but that his wife had. Sweazea said he saw defendant's wife there and had a talk with her. Defendant then demanded of Sweazea what he knew about his wife. Sweazea told him he knew nothing about her. Defendant insisted that he did and again demanded Sweazea to tell, Sweazea from first to last proclaiming his ignorance. Defendant finally grew angry and said: "I'll cut your damned throat," at the same time catching hold of Sweazea's shirt collar with one hand and striking him with a pocketknife with the other, which scratched Sweazea's neck. Sweazea started his horse and jerked away. Defendant testified as a witness in his own behalf and admitted having a difficulty with the prosecuting witness, but denied striking him with his knife. The court instructed the jury upon the question of felonious and common assault.

1.. It is first insisted that there was no evidence to sustain the charge of felonious assault, and that the court committed error in instructing upon that theory of the case. But this seems to us to be a misconception of the evidence, which not only showed that defendant assaulted Sweazea with a pocketknife, but that at the time he did so, said to him, "I'll cut your damned throat," thus attempting to carry his threats into execution. The evidence fully justified the instruction. Moreover, the court also instructed for common assault, so that the jury might have found him guilty of that offense, if they had believed the evidence justified them in so doing.

It follows that defendant has no reason to complain of the instructions.

2. It is intimated in the brief of counsel for defendant that the prosecuting attorney changed the bill of exceptions without authority after it had been sent to the clerk of the court for filing so as to make the evidence show defendant guilty of felonious assault, but the charge is not presented to

us in such a way that we can take cognizance of it, hence we dismiss the subject without comment.

3.   The evidence seems to have been sufficient to support the verdict, which was approved by the trial court.

The judgment should be affirmed, and, it is so ordered. GANTT, P. J., concurs; SHERWOOD, absent.